988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STANDARD CHARTERED BANK, a United Kingdom corporation;
Standard Chartered Overseas Holdings Limited, a United
Kingdom corporation; United Bancorp of Arizona, a Delaware
corporation; and United Bank of Arizona, an Arizona
chartered bank, Plaintiffs-Appellants,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.
 No. 91-16558.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided Feb. 23, 1993.
 
 1
 Appeal from the United States District Court for the District of Arizona, No. CV-89-00039-RGS; Roger G. Strand, District Judge, Presiding.
 
 
 2
 D.Ariz.
 
 
 3
 AFFIRMED.
 
 
 4
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 Standard Chartered Bank and affiliated entities appeal the district court's grant of summary judgment in favor of United States Fidelity and Guaranty Company (USF & G) in this action for coverage on a fidelity bond. Standard Chartered argues that the district court erred in finding that it failed to present sufficient evidence of collusion between its chief loan officer, Paul Milus, and two borrowers to permit a rational trier of fact to find in its favor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 7
 Standard Chartered argues that the district court improperly applied a criminal conspiracy standard in determining collusion. We assume for the purposes of this appeal that Standard Chartered is correct that a civil conspiracy standard applies. Under Arizona law, civil conspiracy requires an agreement. Rowland v. Union Hills Country Club, 757 P.2d 105, 110 (Ariz.App.1988).
 
 
 8
 We agree with the district court that Standard Chartered failed to present sufficient evidence of an improper agreement between Milus and Peter Wray of Victorio Company or Lawrence Malanfant to support an inference of collusion by a rational trier of fact. Although Standard Chartered does present evidence of improper motives of Milus, Wray, and Malanfant, it presents no evidence of explicit or tacit agreement or joinder of purpose.
 
 
 9
 USF & G's request for attorneys' fees on this appeal is granted pursuant to Ariz.Rev.Stat. § 12-341.01. Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025, 1049 (Ariz.1985).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3